Anita L. Steburg, State Bar No. 245933
STEBURG LAW FIRM, PC
1798 Technology Drive, Suite 258
San Jose, CA 95110
Phone (408) 573-1122
Fax (408) 573-1126

Attorney for Plaintiff
BURGANDY L. OTTESON

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURGANDY L. OTTESON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; ONEWEST BANK, FSB; WALTER LOPEZ dba VW & ASSOCIATES PARALEGAL SERVICES; and Does 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1679 and § 1681)**<br>1. **FAILURE TO ESTABLISH PROPER PROCEDURES (15 U.S.C. § 1681e)**<br>2. **FAILURE TO REINVESTIGATE (15 U.S.C. § 1681i)**<br>3. **FAILURE TO INVESTIGATE (15 U.S.C. § 1681s-2(b)(1)(A)-(E))**<br>4. **ACCEPTANCE OF CREDIT REPAIR ORGANIZATION PROVISIONS AGAINST PAYMENT PRIOR TO COMPLETION OF SERVICE (15 U.S.C. §1679(b)(b))**<br>5. **VIOLATION OF UCL (Cal. Prof. Code § 17200)**<br>6. **VIOLATION OF BREACH OF IMPLIED COVENANT OF FAITH AND FAIR DEALING**<br>7. **VIOLATION OF CLRA (Cal. Civ. Code § 1750)** |

COMES NOW the Plaintiff BURGANDY L. OTTESON (hereinafter "Plaintiff" and/or "Ms. Otteson") by counsel, and for her complaint against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. (hereinafter the "FCRA"). Specifically, Plaintiff seeks the remedies as provided in the Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq. (hereinafter the "CROA") for the credit repair organization and One West Bank failures to investigate and/or correct inaccurate credit report information as required by 15 U.S.C. §§ 1681e and 1681i. Additionally, this is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the provisions of the Credit Repair Organization Act precluding credit repair organizations from accepting any payment prior to fully completing all services, 15 U.S.C.A. § 1679b(b).

2. Venue is proper before this court under 28 U.S.C. 1392(b)(2) as a substantial part of the events, circumstances and omissions give rise to this claims occurred in this district.

3. The jurisdiction of this Court is conferred by 12 U.S.C. § 2614; 15 U.S.C. § 1681(p); and 28 U.S.C. § 1367.

## PARTIES

4. The Plaintiff is a natural persons and a resident of Nevada County, California. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is a corporation incorporated under the laws of the State of Texas authorized to do business under the laws of the State of California through its registered offices at 475 Anton Boulevard, Costa Mesa

California 92626.

6. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, Defendant EQUIFAX INFORMATION SERVICES, L.L.C. (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business under the laws of the State of California through its registered offices at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

9. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

10. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, Defendant TRANS UNION, L.L.C. (hereinafter individually "TransUnion" and collectively with Experian and Equifax the "CRA's") is a business entity organized under the laws of Delaware authorized to do business under the laws of the State of California through its registered offices at 1510 Chester Pike, Crum Lynne, PA 19022.

12. Upon information and belief, TransUnion is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13. Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

14. Upon information and belief, ONE WEST BANK, FSB ("OneWest") is a financial institution.  At all times herein, OneWest was and is a corporation doing business in the state of California, including Nevada County.  OneWest transacts business in and has substantial contacts with the State of California.

15. Upon information and belief, OneWest is a "furnishers of information to consumer reporting agencies" as applied in 15 U.S.C. § 1681s-2.

16. Upon information and belief, Walter Lopez, dba VW& Associates Paralegal Services ("Mr. Lopez") is a "credit repair organization" as applied in 15 U.S.C. § 1679a(3) and is an unknown entity.  Plaintiff believes that VW & Associates provides credit repair organizations by challenging credit disputes on behalf of consumers under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. At all times herein, Mr. Lopez was and is a resident of and doing business in the state of California.  As a credit repair organization, VW & Associates is subject to the provisions of the Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq. ("CROA"), which provides in relevant part that "[n]o credit repair organization may charge or receive any money or valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."  15 U.S.C. § 1679b(b) .

17. Plaintiff believes that Defendant Walter Lopez is the owner of VW & Associates located at 24722 5th Street, San Bernardino, CA 92410.  VW & Associates is not registered as a fictional entity in with San Bernardino County.

18. In clear contravention of CROA's proscriptions, VW & Associates charged Plaintiff for credit repair services before it fully performed and/or completed such services.  As a result of Defendant's wrongful acts, Plaintiff has

suffered damages.  Plaintiff brings this action seeking actual damages and attorneys' fees for Defendant's VW & Associates violation of CROA (15 U.S.C. § 1679 et seq., violations of California's Unfair Competition Law ("UCL" (Cal. Bus. & Prof. Code § 17200 et seq.), breach of contract, breach of implied covenant of good faith and fair dealing, violations of Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1770 et seq.), and such other and further relief as the Court deems equitable.

## ALLEGATIONS COMMON TO ALL CLAIMS

*Plaintiff's Short Sale*

19. On or about February 2006, Indy Mac made a home equity loan secured by a deed of trust (hereinafter the "HELOC") to Ms. Otteson to purchase certain real property located at 1445 Jake Creek Drive, Patterson, California 95363, and designated as Assessor's Parcel Number 021-065-013-000 (hereinafter "Ms. Otteson's House").

20. Upon information or belief OneWest purchased the HELOC from Indy Mac.  OneWest designated the HELOC mortgage loan as loan number XXXXXXX7763.  There was also a senior mortgage loan on the property.

21. Upon information and belief, the mortgage loan was serviced by OneWest.

22. Upon information and belief, the Mortgage loan was also owned by OneWest.

23. On or about December 2010, Aurora Bank, FSB ("Aurora") the primary lienholder, completed a non-judicial foreclosure of Ms. Otteson's house when it was sold at a trustee sale.  Pursuant to California Code of Civil Procedure section 580d, along with any other applicable statute, OneWest is barred from seeking a deficiency judgment after taking Ms. Otteson's house through this non-judicial foreclosure and the loan is extinguished.

*Inaccurately Reported Information*

24. In their credit reports regarding Plaintiff, all three CRA's include inaccurate information from Ms. Otteson's former creditor OneWest regarding the HELOC mortgage loan.

25. The CRA's includes the following inaccurate information in their credit reports for Plaintiff regarding her former Mortgage with OneWest:

- Account history is inaccurate;
- Past due amount is inaccurate;
- Date closed is inaccurate;
- Account balance is inaccurate;
- Pay status is inaccurate; and
- The status of this account being listed as a "collection account" is not accurate.

*Credit Report Dispute*

26. When Plaintiff discovered these erroneous entries in her credit reports, she contacted the CRA's and requested they verify and delete the erroneous information from their credit file.

27. On or about September 2012, Plaintiff sent letters to all three CRA's notifying them of the erroneous information regarding her former HELOC.

28. On or about October 2012, Trans Union informed Plaintiff that they had concluded their investigation and provided Plaintiff with a partial copy of her Trans Union credit report including the OneWest tradeline containing the disputed information.

29. On or about October 2012, Equifax informed Plaintiff that they had concluded their investigation and provided Plaintiff with a partial copy of her Equifax credit report including the OneWest tradeline containing the disputed information.

30. On or about October, 2012, Experian informed Plaintiff that they had

concluded their investigation and provided Plaintiff with a partial copy of her Experian credit report including the OneWest tradeline containing the disputed information.

31. Upon information and belief, after receiving Plaintiff's request for verification and deletion, and in accordance with their standard procedures, the CRA's did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the listings and representations from the Creditors that lead to the above-referenced errors in Plaintiff's credit report.

32. In the alternative to the allegation that the CRA's failed to contact the information reporter, OneWest, Plaintiff alleges on information and belief that the CRA's did forward some notice of the dispute to OneWest and One West failed to conduct a lawful investigation.

*Contract for Credit Repair*

33. When Plaintiff discovered these erroneous entries in her credit reports, she contacted Mr. Lopez dba VW & Associates and requested his assistance to verify and delete the erroneous information from her credit files.

34. Upon information and belief, Defendant Mr. Lopez dba VW & Associates offers credit repair services throughout California.

35. At the time of the initial consultation, a consumer contracts with Defendant Mr. Lopez dba VW & Associates, Defendant provides the consumer with a Retainer Agreement ("Retainer Agreement One"), which is attached as Exhibit A.

36. On or about February 2012, Plaintiff executed a contract with Mr. Lopez for credit repair services which contains the following provisions:

   a. "Payment Schedule – Description $750 total; full money back if I cannot remove the home equity"

7
COMPLAINT

37. On or about March 2012, Plaintiff executed a second contract with Mr. Lopez for credit repair services which is attached as Exhibit B which contains the following provisions:

   a. "Payment Schedule – Description $750 total; 100% removal of foreclosure or full money back"

38. The March 2012 retainer agreement replaced the February retainer agreement.

39. There was a third retainer agreement which was executed between Plaintiff and VW & Associates. The retainer amount was $500 and Plaintiff does not have a copy of this agreement in her possession.

40. The third agreement was for credit repair services and Plaintiff was required to pay for services prior to completion of services.

41. On or about March 2012, Plaintiff paid Mr. Lopez $1,250.00 for his services.

42. After receiving payment, Mr. Lopez dba VW & Associates commenced work under the contracts.

43. Implicit in the payment provisions is Defendant's Mr. Lopez dba VW & Associates to charge customers before credit repair services were fully performed. The client is required to pay without taking into account whether services are complete. That a refund will be for fees if the tradeline is not removed indicates that Mr. Lopez's and VW & Associates billing practice is not related to its monthly performance of credit repair services, nor contingent upon actual completion of promised work, therefore, the billing practices violate CROA.

44. During the time Plaintiff engaged Defendant Mr. Lopez dba VW & Associates, Mr. Lopez became increasingly difficult to obtain information from and ceased communication. In January 2013, Plaintiff had no choice due to Mr. Lopez's non-responsiveness than to request him to cease working on Plaintiff's behalf.

45. As of the filing of this petition Plaintiff's credit reports continue to report erroneous information and the OneWest tradeline on the credit reports continue to report the loan as "open", derogatory and past due.

## FIRST CLAIM FOR RELIEF

### (CRA'S)

### (Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)

46. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47. Defendants CRA's violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48. Plaintiff was denied credit unable to rent a commercial space and lost a prospective business opportunity as a result of the incorrect reporting of the OneWest tradeline.

49. As a result of this conduct, action and inaction of Defendants CRA's, Plaintiffs suffered damages by loss of credit, denial of rental of commercial building, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

50. Defendants CRA's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover attorney's fees from Defendants CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF

### (CRA'S)

**(Failure to Reinvestigate – 15 U.S.C. § 1681i)**

52. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53. Defendants CRA's violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit file; and by relying upon verification from a source it has reason to know is unreliable.

54. As a result of this conduct, action and inaction of Defendants CRA's, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

55. Defendants CRA's' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

56. Plaintiff is entitled to recover attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## THIRD CLAIM FOR RELIEF
### (ONEWEST)
**(Failure to Investigate – 15 U.S.C. § 1681s-2(b)(1)(A)-(E))**

57. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58. When Plaintiff attempted to dispute the inaccuracies with the CRA's, the results of the CRA's investigation reported that OneWest had verified the

information as accurate.

59. The information that OneWest allegedly verified included inaccurate information.

60. Defendant OneWest violated 15 U.S.C. § 1681s-2(b)(1) by failing, upon receiving notice of the dispute by Plaintiff from the Defendant CRA's, to conduct a lawful investigation; by failing to review all relevant information provided by the Defendant CRA's; by failing to report the result of its investigation to the CRA's; if the investigation finds that the information is incomplete or inaccurate, by failing to report those results to the Defendant CRA's and/or if the information is disputed by Plaintiff is found to be inaccurate or incomplete or cannot be verified after any reinvestigation by failing to modify, delete or permanently block that item of information.

61. As a result of this conduct, action or inaction of Defendant OneWest, Plaintiff has suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

62. Defendant OneWest's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

### FOURTH CLAIM FOR RELIEF
### (MR. LOPEZ dba VW & ASSOCIATES)
**(Acceptance of Payment Prior to Completion of Service - 15 U.S.C. §1679b(b))**

63. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

64. At the outset of service with Defendant Mr. Lopez dba VW & Associates, Defendant required Plaintiff to submit payment prior to performing

1  services.

2  65.   Defendant required payment with the executed contract, irrespective of
3  when the purchased credit repair services had actually been performed.

4  66.   By requiring payment before fully performing the agreed-upon credit
5  repair services, Defendant violated CROA, 15 U.S.C. § 1679b(b).

6  67.   As a result of Defendant's violations of CROA, Plaintiff suffered
7  monetary damages.

8  68.   Plaintiff, on her own behalf, seeks actual damages under 15 U.S.C. §
9  1679(g)(a)(1), punitive damages under 15 U.S.C. 1679g(a)(2)(B) and costs of the
10 action together with reasonable attorneys' fees under 15 U.S.C. 1679g(a)(3).

**FIFTH CLAIM FOR RELIEF**

**(Against Mr. Walters dba VW & Associates)**

**(Violation of California's UCL, Cal. Bus. & Prof. Code § 17200)**

14 69.   Plaintiff incorporates the foregoing allegations as if fully set forth
15 herein.

16 70.   California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200,
17 et seq., protects both consumers and competitors by promoting fair competition in
18 commercial markets for goods and services.  The UCL prohibits any unlawful,
19 unfair, or fraudulent business act or practice.

20 71.   Defendant's utilization of the unlawful and unconscionable marketing
21 practices described herein, and its practice of requiring payment before completing
22 the agreed upon credit repair services, constitutes an unlawful business practice in
23 violation of the UCL.

24 72.   As described herein, Defendant's representations regarding the timing
25 of payment to Plaintiff for its credit repair services were deceptive and untrue and
26 constitute an unlawful business practice in violation of the UCL.

27 73.   When Plaintiff would be charged for Defendant's credit repair services
28 was a material term of the transaction between Plaintiff and Defendant because it

was likely to affect Plaintiff's choice of, or conduct regarding, whether to purchase Defendant's services.  Defendant's deception regarding when Plaintiff would be charged is materially misleading and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

74.     Defendant has violated the "unfair" prong of the UCL in that their actions caused substantial injury to consumers, the injury caused by their conduct is not outweighed by any countervailing benefits to consumers or competition and the injury is one that the consumers themselves could not reasonably have avoided.

75.     Defendant has violated the "fraudulent" prong of the UCL in that Defendant's statements regarding when consumers would be charged for credit repair service were false and likely to deceive a reasonable consumer.  Further, Defendant's statements regarding compliance with CROA were false and likely to deceive a reasonable consumer.

76.     Defendant has violated the "unlawful" prong of the UCL in that Defendant's conduct violated the Credit Repair Organizations Act (15 U.S.C. 1679 et seq.).

77.     As a result of Defendant's wrongful conduct in violation of the UCL, Plaintiff has suffered monetary damages.

78.     Plaintiff respectfully requests that the Court require Defendant to make full restitution of all funds wrongfully obtained by its misconduct alleged herein and award Plaintiff attorneys' fees and reasonable costs under Cal. Code Civ. Proc. § 1021.5.

## SIXTH CLAIM FOR RELIEF
### (Against Mr. Walters dba VW & Associates)
### (Violation of California's UCL, Cal. Bus. & Prof. Code § 17200

79.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

80.     Plaintiff contracted with Defendant for Defendant to provide them its

credit repair services. The terms of the retainer agreement agreed to by Plaintiff constitute a valid and enforceable contract.

81. Defendant required Plaintiff to agree to pay an upfront fee for its services prior to any work being performed and the work completed.

82. Defendant's retainer agreement provides that if Defendant is not successful in removing the HELOC mortgage loan tradeline, the monies paid by Plaintiff would be refunded.

83. Plaintiff fully performed under the Retainer Agreement by making payment due to Defendant.

84. The specific time and conditions under which Plaintiff charged were material terms to the Retainer Agreement. Defendant materially breached by the terms of the Retainer Agreement by charging Plaintiff before fully performing the agreed credit repair services.

85. Defendant breached the terms of the Retainer Agreement by not refunding the funds to Plaintiff when it was not successful at removing the HELOC mortgage loan tradeline.

86. As a result of Defendant charging Plaintiff before fully performing the agreed upon credit repair services, Plaintiff has suffered monetary damages.

87. Plaintiff seeks actual damages for Defendant's breach of the Retainer Agreement as well as pre- and post-judgment interest, attorney's fees, reasonable costs and such other and further relief as the Court deems equitable and just.

## SEVENTH CLAIM FOR RELIEF
### (Against Mr. Walters dba VW & Associates)
### (Violation of Breach of Implied Covenant of Good Faith and Fair Dealing)

88. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

89. Plaintiff contracted with Defendant for credit repair services. The terms of the Retainer Agreement agreed to by Plaintiff constitute a valid and

enforceable contract.

90. Implied in the terms of the Retainer Agreement was a covenant of good faith and fair dealing. This implied covenant prevents Defendant from engaging in conduct that frustrates Plaintiff's rights to the benefits of the contract or that would injure the right of Plaintiff to receive the benefits of the Retainer Agreement.

91. The specific time and conditions under which Plaintiff would be charged and the refund if Defendant was unsuccessful were material terms to the Retainer Agreement. Defendant breached the implied covenant of good faith and fair dealing by charging Plaintiff fees prior to fully performing the agreed upon credit repair services and by not refunding the payment when Defendant was unsuccessful at removing the tradeline.

92. As a result of the Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff suffered damages.

93. Plaintiff seeks damages for Defendant's breach of the implied covenant of good faith and fair dealing, as well as pre- and post-judgment interest, attorneys' fees, reasonable costs and such other relief as the Court deems equitable and just.

## EIGHTH CLAIM FOR RELIEF
### (Against Mr. Walters dba VW & Associates)
### (Violation of California's CLRA, Cal. Civ. Code § 1750

94. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

95. The credit repair services that are subject to this complaint are services for other than commercial or business use, as described in Cal. Civ. Code 1761(b). The credit repair services offered by Defendant are used for personal, family or household purposes and its credit repair customers, including Plaintiff, are consumers under the definition in Cal. Civ. Code § 1761(d). Plaintiff used

Defendant's credit repair services for personal, family or household purposes and is a consumer under the definition of Cal. Civ. Code § 1761(d).

96. Defendant charged Plaintiff a fee for the service regardless of services performed, Defendant misrepresented the characteristics of its credit repair services to consumers in violation of Cal. Civ. Code § 1770(a)(5).

97. By representing throughout its relationship with Plaintiff that the fee is due prior to services being performed, Defendant represented that the subject of a transaction had been supplied in accordance with a previous representation when it had not, constituting unfair and/or deceptive acts or practices in violation of Cal. Civ. Code § 1770(a)(16).

98. Collectively, these CLRA violations have damaged Plaintiff by causing her to be charged for services whether those services had in fact been performed or not and retaining the use of Plaintiff's funds even though Defendant was unsuccessful.

99. Plaintiff seeks restitution of property gained by CLRA violations, and court costs and attorney's fees under the CLRA, Cal. Civ. Code § 1780(d).

## DEMAND

WHEREFORE, Plaintiff demands judgment for actual, compensatory, punitive and restitution damages against Defendants, jointly and severely; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

DATED:   April 8, 2013               STEBURG LAW FIRM

                              By:   /s/ Anita L. Steburg
                                    Anita L. Steburg
                                    Attorneys for Plaintiff
                                    Burgandy Otteson

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this action.

DATED:    April 8, 2013                                  STEBURG LAW FIRM


                                                By:    /s/ Anita L. Steburg
                                                       Anita L. Steburg
                                                       Attorneys for Plaintiff
                                                       Burgandy Otteson

COMPLAINT